IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DESIGN RESOURCES, INC.,           )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          1:10CV157
                                  )
LEATHER INDUSTRIES OF AMERICA,    )
DR. NICHOLAS J. CORY, ASHLEY      )
FURNITURE INDUSTRIES, INC.,       )
and TODD WANEK,                   )
                                  )
          Defendants.             )


**MEMORANDUM OPINION AND ORDER**


**OSTEEN, JR., District Judge**

     Presently pending before this court are the Motion to
Dismiss for Failure to State a Claim (Doc. 22) filed by
Defendants Ashley Furniture Industries, Inc., and Todd Wanek, and
the Joint Motion to Dismiss all Counts of Plaintiff's Complaint
Pursuant to Rule 12(b)(6) (Doc. 25) filed by Defendants Leather
Industries of America and Dr. Nicholas J. Cory.  Both motions
have been responded to and are ripe for disposition.  Ashley
Furniture Industries, Inc. ("Ashley Furniture") and Todd Wanek
("Mr. Wanek") seek dismissal of Counts II through V of the
Complaint.  (See Doc. 22.)  Leather Industries of America
("Leather Industries" or "LIA") and Dr. Nicholas J. Cory ("Cory"
or "Dr. Cory") seek dismissal of all counts.  (See Doc. 25.)

Because the two motions address similar issues, this court will address both motions in this order.

This court is filing a separate order which grants Wanek and Cory's motions to dismiss for lack of personal jurisdiction. Plaintiff's Motion to Amend the Complaint (Doc. 46) was previously granted. (Doc. 49.) Therefore, the motions to dismiss pursuant to Rule 12(b)(6) filed by Wanek and Cory shall be denied as moot. Remaining for resolution are the motions to dismiss of Ashley and Leather Industries.

In response to Plaintiff's Motion to Amend, Ashley Furniture and Todd Wanek argued that the complaint was still deficient and should be dismissed. Leather Industries and Dr. Cory did not respond. After this court granted Plaintiff's Motion to Amend, the parties submitted supplemental briefs as to specific issues identified by the court. (See Order (Doc. 50).) Because the motions to dismiss are not substantially affected by the amendments which have been allowed, and additional briefing has been submitted, this court will proceed to address the motions to dismiss.

For the following reasons, these motions will be denied in part and deferred in part pursuant to Federal Rule of Civil Procedure 12(i).

## I. BACKGROUND

Plaintiff Design Resources, Inc. (hereinafter "Plaintiff" or "DRI") is in the leather products business. (Complaint ("Compl.") (Doc. 1) ¶ 23.) Specifically, DRI markets and sells bonded leather products under the NextLeather® brand to customers primarily located in North America and Asia. (Id. ¶ 24.) Defendant Leather Industries of America is a trade association, representing American leather tanners and suppliers. (Id. ¶ 27.) Defendant Dr. Nicholas J. Cory is the Technical Director and Editor of LIA, as well as the Director of the Leather Research Laboratory.[1] (Id. ¶¶ 11, 28.) Defendant Ashley Furniture Industries, Inc., is the "fifth largest furniture manufacturing company in the United States," with "various retail outlets in North Carolina." (Id. ¶ 26.) Todd Wanek is President and Chief Executive Officer of Ashley Furniture. (Def. Wanek's Mem. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction, Ex. A, Decl. of Todd Wanek ("Wanek Decl.") (Doc. 21-2) ¶ 2.) According to the Complaint, this suit centers around Defendants' "'false advertising,' defamation, product disparagement, and

---

[1] The Leather Research Laboratory is a "department of the University of Cincinnati" and "a state-of-the-art facility dedicated to leather testing and research." (Compl. (Doc. 1), Ex. G (Doc. 1-8) at 2.) According to the Complaint, LIA and the Leather Research Laboratory "are so closely associated that they present themselves to the general public as affiliates with identical interests." (Compl. ¶ 29.) The two entities appear to share the same website. (Id.; see also id., Ex. G. (Doc. 1-8) at 2.)

-3-

their public condemnation of DRI's labeling, advertising and sale of its NextLeather® bonded leather products as purposefully deceptive to its actual and potential customers and fraudulent." (Compl. (Doc. 1) ¶ 10.)

On February 26, 2010, Plaintiff filed this action against Defendants LIA, Dr. Cory, Ashley Furniture, and Mr. Wanek. Plaintiff's Complaint (Doc. 1) asserts the following claims against all Defendants: (1) Count I - False Advertising under the Lanham Act; (2) Count II - Defamation/Product Disparagement/North Carolina Unfair Trade Practices Act; (3) Count III - Unfair Competition Under the Washington Consumer Protection Act; (4) Count IV - Tortious Interference with Business Relations and Expectancies; and (5) Count V - Civil Conspiracy. (See id. at 22-27.) Additionally, Plaintiff asserts the following claims against Defendants LIA and Dr. Cory specifically: (1) Count VI - Negligence and Fraudulent Concealment; (2) Count VII - Negligent Misrepresentation and Fraudulent Concealment; and (3) Count VIII - Breach of Contract/Breach of the Duty of Good Faith and Fair Dealing. (See id. at 27-31.) Finally, Plaintiff asserts as a separate count a claim for punitive damages against all Defendants. (See id. at 31.)

Of significance to this opinion, Plaintiff alleges jurisdiction as to Count I (Lanham Act) under 15 U.S.C. § 1121 and 28 U.S.C. § 1331. Plaintiff alleges jurisdiction as to the

-4-

remaining claims brought under state law under 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

On April 27, 2010, Defendants Ashley Furniture and Mr. Wanek jointly moved to dismiss Counts II through V of Plaintiffs Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Mot. Dismiss (Doc. 22).) The same day, Defendants LIA & Dr. Cory jointly moved to dismiss all counts of Plaintiff's Complaint pursuant to Rule 12(b)(6). (Doc. 25.)

## II. LEGAL STANDARD

When analyzing a Rule 12(b)(6) motion, the pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

-5-

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556
U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550
U.S. 544, 570 (2007)). A claim is facially plausible provided
the plaintiff provides enough factual content to enable the court
to reasonably infer that the defendant is liable for the
misconduct alleged. Ashcroft, 556 U.S. at 678. This
plausibility requirement "is not akin to a 'probability
requirement,' but it asks for more than a sheer possibility that
[the] defendant has acted unlawfully." Id. Thus, while the
complaint need not contain detailed factual allegations, a
"plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Twombly, 550 U.S. at 555 (citation
omitted). Factual allegations must be enough to raise a right to
relief above the speculative level, on the assumption that all
allegations in the complaint are true. Id. (citation omitted).
"Nonetheless, the requirement of liberal construction does not
mean that the court can ignore a clear failure in the pleadings
to allege any facts [that] set forth a claim." Estate of
Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F.
Supp. 2d 636, 646 (M.D.N.C. 2004). Finally, in evaluating
whether a claim is stated, "'[the] court accepts all well-pled
facts as true and construes these facts in the light most

favorable to the plaintiff,' but does not consider 'legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement.'" <u>Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.</u>, 591 F.3d 250, 255 (4th Cir. 2009).

## III. COUNT I – LANHAM ACT

Defendant Leather Industries has moved to dismiss Count I, which alleges a violation of the Lanham Act, 15 U.S.C. § 1125(a). (Compl. (Doc. 1) ¶ 58.)  A plaintiff attempting to bring a false advertising claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), must present evidence that

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation [was] material, in that it [was] likely to influence the purchasing decision; (3) the misrepresentation actually deceive[d] or ha[d] the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff [was] or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

<u>Scotts Co. V. United Indus. Corp.</u>, 315 F.3d 264, 272 (4th Cir. 2002).

Statements made by Dr. Cory are the basis of Plaintiff's claims with regard to Leather Industries.  Although Dr. Cory has been dismissed from this case, Plaintiff alleges that since Dr. Cory is the "Technical Director and Editor of [Leather Industries]" and the "Director of the Leather Research

-7-

Laboratory," (Compl. (Doc. 1) ¶ 10.), his statements were made for and on behalf of Leather Industries. (See id. ¶ 58.) Whether Dr. Cory made the statements as an agent for and on behalf of Leather Industries is a factual issue that will have to be resolved at a later stage of this case. The allegations are sufficient, at this stage of the litigation, to plausibly suggest that Dr. Cory's statements are attributable to Leather Industries.

Plaintiff asserts two separate representations by Leather Industries in violation of 15 U.S.C. § 1125(a). The first set of statements alleged to have been made by Dr. Cory arises from an article published in a trade journal, Furniture Today, in which Dr. Cory is quoted by the article's writer; the second set of statements are Dr. Cory's alleged comments to Ashley Furniture.[2]

### A. The Furniture Today Article

On July 2, 2007, Furniture Today published an article written by Joan Gunin, entitled, "Chemist fears confusion over imitators may hurt category." (Compl., Ex. E (Doc. 1-6) at 2.) According to Plaintiff's Complaint, Furniture Today is "the furniture industry's leading trade publication." (Id. ¶ 12.)

---

[2] Ashley Furniture is alleged to have violated the Lanham Act by publishing an advertisement (Compl. (Doc. 1), Ex. L) allegedly disparaging bonded leather and is named as a defendant in Count I. However, Ashley has not moved to dismiss Count I, so Ashley's statements will only be addressed as necessary to construe the complaint and any relevant claims as set forth hereinafter.

Ms. Gunin's article describes Dr. Cory's concerns over a new form of bonded leather and portrays Dr. Cory as "crusading to educate people about this new leather imitator."[3] (Compl., Ex. E (Doc. 1-6) at 2.) The article differentiates between the "original form of bonded leather," which consists of "a sheet of ground-up leather fibers embedded in a latex matrix, bound together with a fixative," and the "new bonded product," which "features several layers of laminated material." (Id.) According to Dr. Cory, "[t]hese layers include a polyurethane finish; a thick layer of non-woven polyurethane-type material; a woven synthetic textile; and a thin layer of leather fibers that have not been bound to each other but glued to the underside of the laminate." (Id.) Dr. Cory is quoted in the article as having said of bonded leather, "To call it 'leather' is outright deception, outright fraud . . . . It's not leather . . . . It's a synthetic that has leather fibers glued to the underside." (Id.) Dr. Cory went on to say that, "If tanned hide or skin has been disintegrated mechanically and/or chemically into fibrous particles, small

---

[3] At times, Ms. Gunin's article appears to quote Dr. Cory verbatim; whereas, at other times, the article appears to paraphrase his interview, interjecting the words "Cory said" or "he said" in sentences otherwise lacking quotation marks indicative of exact quotation. Nevertheless, at the 12(b)(6) stage of the proceeding, this court must construe the facts in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Therefore, this court assumes for the sake of this motion that Dr. Cory did, in fact, make the assertions attributed to him in Ms. Gunin's article, even where paraphrased.

-9-

pieces or powders, and then with or without a bonding agent is made into sheets or forms, such sheets or forms are not leather." (Id.)

Nowhere in the article did Dr. Cory or Ms. Gunin reference DRI or the NextLeather® product by name. (See generally id.) However, Plaintiff alleges that "DRI was the first to market with NextLeather®." (Compl. (Doc. 1) ¶ 38.) Moreover, Plaintiff alleges that the publication of the article was "carefully timed to coincide with the massive 'markets' or 'furniture shows' and 'pre-markets' occurring in High Point, North Carolina." (Id. ¶¶ 21, 45.) According to Plaintiff, "Dr. Cory's public statements denigrating DRI's NextLeather® were motivated by his desire to protect and advance the commercial interests of the leather manufacturing industry members of LIA to the detriment of DRI and its bonded leather product, NextLeather®." (Id. ¶ 13.)

### B. Dr. Cory's Statements to Ashley Furniture and Other Competitors

Plaintiff alleges that Dr. Cory "also communicated to DRI's largest competitor, [D]efendant Ashley Furniture, and other competitors, that DRI was misrepresenting its NextLeather® product as bonded leather in order to deceive and confuse consumers," which, in turn, "supported Ashley's own smear campaign against DRI and NextLeather®."[4] (Id. ¶ 19.) Plaintiff

---

[4] See supra note 2.

further alleges that "Dr. Cory falsely told Ashley that DRI had 'pasted and made up' (i.e., forged) the email communications between him and DRI." (Id. ¶ 20; see also id., Ex. D (Doc. 1-5).)

On June 6, 2007, Dr. Cory apparently received a swatch of material from Ashley Furniture, requesting "a 'ruling' on whether the material [could] be marketed as 'Bonded Leather.'" (Compl., Ex. I (Doc. 1-10) at 2.)[5] Dr. Cory prepared a report for Ashley Furniture, finding that "[t]he material from Ashley Furniture Industries represent[ed] a clear departure from the recognized description of 'bonded leather.'" (Id.) Dr. Cory further advised Ashley Furniture that the material "should not be described as [bonded leather] because it would misrepresent the product and confuse the customer." (Id.) Instead, Dr. Cory opined,

---

[5] Plaintiff contends in its Complaint that Exhibit I represents "a test report of NextLeather® that Dr. Cory prepared for Ashley." (Compl. (Doc. 1) ¶ 49; see also id. Ex. I (Doc. 1-10).) The exhibit itself, however, does not refer to DRI or NextLeather® whatsoever. Instead, the report identifies the material tested by Dr. Cory as "a swatch of material . . . received from Chris Ross, Director of Leather Development for ASHLEY FURNITURE INDUSTRIES," "[t]he material from Ashley Furniture Industries," and "the Ashley material." (Id. Ex. I (Doc. 1-10) at 2-3.) The Fourth Circuit has stated that when a conflict emerges between the bare allegations of the complaint and an exhibit attached thereto, the exhibit prevails. Bartlett v. Frederick Cnty., MD, 246 F. App'x 201, 205 (4th Cir. 2007) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)). Therefore, this court has based its recitation of the facts on Exhibit I, itself, rather than the bare allegations of Plaintiff's Complaint.

"Overall, this product represents a fresh marketing opportunity that can only be maximized by emphasizing its differences to bonded leather."  (<u>Id.</u>)

As a result of Dr. Cory's statements in the <u>Furniture Today</u> article and to Ashley Furniture, Plaintiff alleges that DRI was "deprived . . . of a unique, one-time opportunity to exploit and capitalize on its position as the first to develop a novel, successful bonded leather product and create a new, emerging market niche in the furniture industry."  (Compl. (Doc. 1) ¶ 56.)

As to Count I, Plaintiff alleges, in conclusory fashion, that "LIA and Dr. Cory's and Ashley and Todd Wanek's actions falsely impugning DRI's products . . . constitute false advertising under Section 43(a) of the federal Lanham Act . . . (<u>Id.</u> ¶ 58.)  Plaintiff alleges that it is entitled "to a judgment against each defendant, jointly and severally, for direct and consequential damages, and for injunctive relief." (<u>Id.</u> ¶ 60.) This court has serious reservations about the conclusory

allegation of joint and several liability.[6]  Nevertheless, whether Plaintiff has sufficiently pled joint and several liability as opposed to two separate claims, is not challenged at this pleadings stage.

---

[6] Initially, this court notes that Plaintiff's Complaint, although alleging a number of actions by Defendants, does not clearly describe, in a manner sufficient to provide notice, the basis of its entitlement to joint and several relief as opposed to separate acts of each Defendant giving rise to separate claims.  For example, Plaintiff alleges that Leather Research Laboratory and Leather Industries are "so closely associated that they present themselves to the general public as affiliates with identical interests.  Their web sites are literally fused." (Compl. (Doc. 1) ¶ 29.)  Plaintiff further alleges that Leather Research and Leather Industries "share the same legal counsel, the Kelley Drye & Warren firm." (Id. ¶ 30.)  Plaintiff's allegation that two parties share the same legal counsel is a meaningless legal conclusion.  The allegation that two entities present themselves as "affiliates with identical interests" is also a meaningless factual allegation, as "affiliates" is undefined, either in law or fact.  Presumably, Plaintiff makes these allegations to suggest that these shared characteristics permit an inference of shared interests, which, in turn, permits an inference of a resulting shared intent, all of which leads to a conclusion that the parties were involved in some type of joint venture.  In evaluating the sufficiency of a complaint, this court is not required to draw unreasonable conclusions, and will therefore limit any inferences to those which are reasonable. See, e.g., Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)("A complaint should not be dismissed for failure to state a claim . . . unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor . . . .") (emphasis added).  This court specifically declines to find that simply because two parties share legal counsel, that fact reasonably supports a conclusion of a conspiracy or joint venture.  Similarly, a shared website might support some type of reasonable inference of a joint venture as to the matters specifically addressed on the website, but not as to other matters.

-13-

**C. Analysis**

Leather Industries advances three main contentions in support of its motion to dismiss Count I. Leather Industries contends that Plaintiff has failed to allege a false statement within the meaning of the Lanham Act because the statement contained in Furniture Today is literally true. (See Mem. in Supp. of Dr. Cory's Mot. Dismiss (Doc. 25-2) at 9-10). Leather Industries also contends that the statements are not commercial advertising or promotion (Id. at 11). Finally, Leather Industries contends that Dr. Cory's alleged statements are not sufficiently material to influence purchasing decisions. As to these arguments, this court finds the complaint sufficient and that Leather Industries' motion should be denied as to Count I.

**1. Literal Truth**

The first element of a Lanham Act claim requires an allegation that "the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product." Scotts Co., 315 F.3d at 272. "To constitute a violation of § 43(a), by either type of advertisement 'the contested statement or representation must be either false on its face or, although literally true, likely to mislead and to confuse consumers given the merchandising context." C.B. Fleet Co. V. SmithKline Beecham Consumer Healthcare, L.P., 131 F.3d 430, 434 (4th Cir. 1997)

-14-

*citing* <u>Mylan Labs., Inc. V. Matkari</u>, 7 F.3d 1130, 1138 (4th Cir. 1993). Defendant advances a strong argument that Dr. Cory's statement may be literally true. However, a false or misleading fact or representation under § 43(a) may also be established by evidence that a literally true statement may mislead or confuse consumers. This court concludes that Plaintiff's allegations could, under some factual circumstances, plausibly support a claim that Defendant Cory's statement to Furniture Today might be literally true but misleading. Those circumstances are best addressed at the summary judgment stage of these proceedings when a full factual record would allow a determination of those circumstances. Because Plaintiff has identified the statements at issue and alleged that they were deceptive, along with at least some context to support that allegation, the allegations are sufficiently plausible to plead the first element of a Lanham Act claim.[7]

### 2. Commercial Advertising or Promotion

Defendant contends, inter alia, that Dr. Cory's statements were not made as a part of a commercial advertisement or promotion as required by Section 43(a) of the Lanham Act. <u>See</u> 15

---

[7] To be clear, this court is not finding that at summary judgment or trial the facts set forth in the complaint will be sufficient to support a claim. At this stage, Plaintiff is only required to plausibly establish its entitlement to relief. The specific facts and circumstances necessary to prove those matters are best considered and addressed at summary judgment or trial.

U.S.C. § 1125(a)(1)(B). The Fourth Circuit has not explicitly defined the term "commercial advertisement" as it relates to a false advertising claim under the Lanham Act. See Boykin Anchor Co. v. AT&T Corp., No. 5:10-CV-591-FL, 2011 WL 1930629, at *3 (E.D.N.C. May 19, 2011) (recognizing the Fourth Circuit's silence on the legal definition of "commercial advertisement"). However, several other circuits have adopted the four-part test initially set forth by the Southern District of New York in Gordon & Breach Sci. Publishers v. Am. Inst. of Physics, 859 F. Supp. 1521 (S.D.N.Y 1994). See Podiatrist Ass'n, Inc. v. La Cruz Azul de Puerto Rico, Inc., 332 F.3d 6, 19 (1st Cir. 2003); Rice v. Fox Broad. Co., 330 F.3d 1170, 1181 (9th Cir. 2003); Proctor & Gamble Co. v. Haugen, 222 F.3d 1262, 1273-74 (10th Cir. 2000); Seven-Up Co v. Coca-Cola Co., 86 F.3d 1379, 1384 (5th Cir. 1996); but see Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc., 314 F.3d 48, 56-58 (2d Cir. 2002) (adopting the first, third, and fourth elements of the Gordon & Breach test, but not reaching whether the second element applies). In addition, several district courts within this circuit have relied upon the Gordon & Breach four-part test. See Boykin Anchor Co., 2011 WL 1930629, at *3; Applied Med. Res. Corp. v. Steuer, 527 F. Supp. 2d 489, 493 (E.D. Va. 2007); Neurotron, Inc. v. Am. Ass'n of Electrodiagnostic Med., 189 F. Supp. 2d 271, 276 (D. Md. 2001), aff'd 48 F. App'x 42 (4th Cir. 2002).

Under the Gordon & Breach test, a statement is a commercial advertisement only if it is "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services . . . [and] the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." Neurotron, Inc., 189 F. Supp. 2d at 275 (quoting Gordon & Breach, 859 F. Supp. at 1536). Nevertheless, "although the Lanham Act only applies to 'commercial advertising and promotion,' [Gordon & Breach] and its progeny establish that the definition of commercial speech applies to more than just the typical type of advertising." Bracco Diagnostics, Inc. v. Amersham Health, Inc., 627 F. Supp. 2d 384, 456 (D.N.J. 2009).

Plaintiff has alleged that Dr. Cory is the "Technical Director and Editor of the [Leather Industries]." (Compl. (Doc. 1) ¶ 28.) Leather Industries is alleged to be "an effective force in representing the leather industry of America." Leather Industries is alleged to provide "environmental, technical, education, statistical and marketing services – all at the direction of its membership and to the benefit of the leather industry." (Id. ¶ 27.) The complaint also alleges that "LIA has opposed DRI's use of the term 'bonded leather' with its labeling, advertising and sale of Nextleather® because of 'LIA's

-17-

long-standing and historical mission of protecting the leather
marketplace from products that imitate leather but are not actual
leather." (Id. ¶ 30.) Whether Plaintiff can establish
sufficient facts to support a finding that all of the elements of
the Gordon and Breach test are met is more appropriately
addressed at summary judgment or trial. Plaintiff's allegations
are sufficient to plausibly state a claim at this stage of the
proceedings.[8]

Defendant also argues that Dr. Cory's statements are
potentially free speech, protected by the First Amendment (See
Mem. in Supp. of Dr. Cory's Mot. Dismiss (Doc. 25-2) at 11).
However, false and misleading representations in advertising are
not shielded by the First Amendment. Better Business Bureau v.
Med. Directors, 681 F.2d 397, 404 (5th Cir. 1982). Whether the
statements are in fact false or misleading, as may be necessary
to determine the existence of any First Amendment protection, is
a factual inquiry beyond the scope of this motion. This court
finds that whether the challenged speech as alleged is Free
Speech or "commercial promotion" will ultimately require
resolution of a number of factual issues which are more

_____

[8] This court recognizes that Leather Industries may not
itself sell leather goods; however, the Complaint alleges that
Leather Industries performs "marketing services" for its members.
This court therefore finds that summary judgment is a more
appropriate stage at which to determine whether these "marketing
services" are sufficient, both factually and legally, to meet the
requirements of the Gordon and Breach test.

appropriately reserved for resolution at summary judgment or trial on a full factual record.

### 3.  Materiality

Leather Industries also contends that Plaintiff has not alleged that any "false statement [was] sufficiently material to influence purchasing decisions."  In order to prove a violation of the Lanham Act, Plaintiff must show that "the misrepresentation [was] material, in that it [was] likely to influence the purchasing decision . . ."  Scotts Co., 315 F.3d at 272.  Plaintiff alleges, inter alia, that its "actual and potential customer relationships have been damaged, and DRI has been forced to spend substantial sums to address resulting damage to its reputation and goodwill and has lost substantial sales and market share that it otherwise would have captured."  (Compl. (Doc. 1) ¶ 59.)  While this court perceives this pleading to be inartful, a reasonable inference may be drawn from these and other allegations in the Complaint that the statements made by Dr. Cory were "likely to influence," and did, in fact, influence the purchasing decisions of Plaintiff's customers or potential customers.

### 4.  Conclusion

For the foregoing reasons, this court finds that Leather Industries' motion to dismiss the Lanham Act claim should be denied.

-19-

## III.  STATE LAW CLAIMS

Both defendants have moved to dismiss all of the remaining claims, which for Ashley Furniture includes Counts II through V and which for Leather Industries includes Counts II through VIII. In response to this court's order (Doc. 50), all parties have addressed the choice of law issues.  (See (Docs. 51, 52, 53).) Plaintiff at present concurs in the application of North Carolina law to the various claims, and Ashley Furniture accepts Plaintiff's election.  Leather Industries, on the other hand, contends that Washington law should apply to Plaintiff's claims because the injury occurred at the office of Leather Industries in the State of Washington. In light of the fact that a substantive dispute remains as to the application of North Carolina or Washington law, this court finds that resolution of the motion to dismiss the remaining claims should be deferred to trial.

Rule 12(i) of the Federal Rules of Civil Procedure grants a district court discretion to defer ruling on a motion under Rule 12(b)(6) until the time of trial.  See Fed. R. Civ. P. 12(i); see also Duke Univ. v. Massey Energy Co., No. 1:08CV591, 2009 WL 4823361, at *2 (M.D.N.C. 2009).

After considering the allegations in Plaintiff's Complaint, as well as the exhibits attached thereto, and the controlling law, this court determines in its discretion that the sufficiency

of Plaintiff's state law claims "can be adjudicated more accurately after the parties have developed the factual record." Flue-Cured Tobacco Co-op. Stabilization Corp. v. EPA, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994) (citing former version of Rule 12(d), which is now codified at subsection (i)).

This court also agrees with Plaintiff that a more fully developed factual record would aid this court in evaluating the choice of law issues. (See Pl.'s Br. in Opp'n to LIA & Dr. Cory Mot. to Dismiss (Doc. 36) at 20-22.) As such, this court does not express an opinion at this time as to whether the lex loci delicti test or the "most significant relationship" test will govern the choice of law issues in this case, nor does this court make any finding as to where any injury may have occurred as a matter of fact.

In making this ruling, this court notes that, contrary to the concerns of the parties, it does not anticipate the survival of these state law claims to add a unduly significant burden to the discovery process for any party. Regardless of the existence of any state law claims, all parties will have to engage in substantive discovery as to the Lanham Act claims. Because of the significant overlap in both the federal claim and the related state law claims, this court does not find any undue hardship in deferring a ruling to permit a determination as to the choice of law issues.

-21-

Finally, it appears to this court that Plaintiff's submission to dismissal as to Count III, the Washington Consumer Protection Act (See Doc. 51 at 2), was based on a the possibility of a conclusive finding by this court that North Carolina law would apply. Plaintiff asserted the claim in the alternative, and recognized they both will not apply. Based upon the continued dispute as to whether North Carolina or Washington law will apply, this court takes Plaintiff's submission under advisement. Should Plaintiff still desire to dismiss its Washington Consumer Protection Act claim, it may do so by filing a dismissal. This court will not act upon that submission at this time.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant Leather Industries' motion to dismiss (Doc. 25) is **DENIED IN PART.** The motion to dismiss the Lanham Act claim is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim (Doc. 22) filed by Defendants Ashley Furniture Industries, Inc., and Todd Wanek, and the Joint Motion to Dismiss all Counts of Plaintiff's Complaint Pursuant to Rule 12(b)(6) (Doc. 25) filed by Defendants Leather Industries of America and Dr. Nicholas J. Cory are **DENIED WITHOUT PREJUDICE.** A ruling on the legal sufficiency of Plaintiff's state law claims will be

-22-

deferred to the next dispositive stage of litigation pursuant to
Fed. R. Civ. P. 12(i).  All arguments for judgment now appearing
in the motion to dismiss may be incorporated into any summary
judgment motions and briefs, if such motions are filed.  However,
for clarity of the record, those arguments should be specifically
set out in those briefs and not simply incorporated by reference
in a later brief.

        This the 28th day of September, 2012.


                                    _William L. Osteen, Jr._
                                    United States District Judge