IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DESIGN RESOURCES, INC.,           )
                                  )
            Plaintiff,            )
                                  )
     v.                           )    1:10CV157
                                  )
LEATHER INDUSTRIES OF AMERICA     )
and ASHLEY FURNITURE INDUSTRIES,  )
INC.,                             )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter comes before the court on the Motion for Attorney's Fees in the amount of $530,412.50 filed by Defendant Leather Industries of America ("LIA"), (Doc. 239), and the Motion for Attorneys' Fees in the amount of $594,684.45 filed by Defendant Ashley Furniture Industries, Inc. ("Ashley"), (Doc 242), (collectively, "Defendants"). Plaintiff Design Resources, Inc. ("DRI") filed a Combined Response. (Doc. 246.) LIA and Ashley each filed a Reply. (Docs. 249, 248.)

Plaintiff asserts three main procedural bars against Defendants' motions: (1) Defendants' failure to plead with particularity; (2) Defendants' failure to file within Local Rule 54.2's sixty-day timeframe; and (3) Defendants' failure to engage in consultation regarding attorneys' fees, as required by

Local Rule 54.2. (Pl.'s' Combined Resp. to Mots. for Att'ys' Fees ("Pl.'s Combined Resp.") (Doc. 246) at 1.) For the reasons set out herein, this court will hold in abeyance Defendants' motions for attorneys' fees, (Docs. 239, 242), until the parties consult together as required by Local Rule 54.2. Once the consultation requirement is satisfied, this court will consider the substance of Defendants' motions.

I. **PLEADINGS AND PARTICULARITY**

Federal Rule of Civil Procedure 54(d)(2) provides that "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Plaintiff, however, asserts that Defendants' failure to plead the attorneys' fees claims with particularity under Federal Rule of Civil Procedure 9(g) renders them procedurally barred. (See Pl.'s Combined Resp. (Doc. 246) at 4-7.)[1] This argument appears to cloud the relationship between

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

Rule 9(g) and claims for attorneys' fees.[2] Further, Rule 54(c) provides that "[e]very other final judgment [, other than a default judgment,] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Thus, in any case, Rule 54(c) allows this court to consider Defendants' attorneys' fees motions. See Belk, Inc. v. Meyer Corp., U.S., Civil No.

---

[2] Instead, as observed by another court in this circuit,

> Rule 9(g) states that "[i]f an item of special damage is claimed, it must be specifically pled." And . . . the Fourth Circuit has held that "attorneys' fees are items of special damage for Rule 9(g) purposes." From these two propositions, plaintiff completes the syllogism, arguing that defendant's fee claim is barred because it was not specifically pled in defendant's answer. . . . [A]ttorney's fees are special damages to which Rule 9(g) applies only when the substantive law requires that the prevailing party prove attorney's fees as an element of damages.
>
> . . . .
>
> . . . As plaintiff points out, the Fourth Circuit, in Atlantic Purchasers, concluded that attorney's fees are special damages for purposes of Rule 9(g). Significantly, however, the court did so in the context of an action in which the prevailing party sought attorney's fees pursuant to the North Carolina Unfair Trade Practices Act, which requires attorney's fees to be proven as an element of damages.

Route Triple Seven Ltd. P'ship v. Total Hockey, Inc., No. 1:14-cv-30, 2015 WL 5123302, at *3 (E.D. Va. Aug. 28, 2015) (citing Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., 705 F.2d 712, 715, 716 n.4 (4th Cir. 1983)).

3:07-CV-168-DSC, 2010 WL 3474918, at *7 (W.D.N.C. Aug. 31, 2010).

## II. TIMELINESS UNDER LOCAL RULE 54.2

Plaintiff claims Defendants failed to file their motions within the required time period, given that this court entered final judgment on August 21, 2014. (Pl.'s Combined Resp. (Doc. 246) at 7.)

Local Rule 54.2 provides:

> Within 60 days after the entry of final judgment, (i) the parties shall file an appropriate stipulation and request for an order if they have reached an agreement on an award of statutory attorney's fees; or (ii) if the parties have not reached such an agreement, the moving party shall file the statement of consultation required by this rule and a motion, supported by affidavits, time records, or other evidence, setting forth the factual basis for each criterion which the Court will consider in making such an award.

LR 54.2.[3]

When determining the sixty-day deadline, "the starting point of the period is hard to pinpoint," as "the phrase 'entry of final judgment[]' . . . lacks precision." Lynn v. West, No. 2:94CV00577, 2000 WL 1229752, at *2 (M.D.N.C. Aug. 8, 2000) (citing Jackson v. Beard, 828 F.2d 1077, 1080 n.2 (4th Cir. 1987)). In evaluating proposed starting dates, Lynn v. West, No. 2:94CV00577, 2000 WL 1229752 (M.D.N.C. Aug. 8, 2000), observed that "[w]hen a party prevails at the district court level, the better view appears to be that the clock begins to run with entry of the primary judgment, regardless of whether post-trial motions are filed or appeal is taken"; however, "[a]n argument the other way would be colorable . . . . [as h]andling fee requests only after post-trial motions and appeals are resolved

---

[3] Plaintiff also argues that "it is noteworthy that the provision of the Lanham Act upon which Ashley and LIA rely in claiming attorney fees itself contemplates 'final judgment' to mean the primary trial court judgment." (Pl.'s Combined Resp. (Doc. 246) at 9 (citing 15 U.S.C. § 1117(c)).) In support, Plaintiff cites section 1117(c), which provides for statutory damages for use of counterfeit marks. 15 U.S.C. § 1117(c). In (c) and (d), section 1117 provides for a plaintiff's election of statutory damages instead of actual damages "at any time before final judgment is rendered by the trial court." § 1117(c), (d). These are the only instances where "final judgment" is used in section 1117, and they focus on awards available to a plaintiff, rather than on attorneys' fees. The precedent and provisions specific to attorneys' fees are far more relevant to the issue at hand and the filing timeline under Local Rule 54.2.

-5-

has the advantage of allowing all the fees for a case to be awarded at one time." Id. at *2. Generally "an appeal should not alter the time-line under which a motion for attorneys' fees must be brought." Madey v. Duke Univ., No. 197CV01170, 2002 WL 1284303, at *5-6 (M.D.N.C. Apr. 29, 2002) (holding that the timing issue need not be resolved because defendant nevertheless failed to meet the attorneys' fees standard).

However, under the Middle District of North Carolina's cost rule, Local Rule 54.1, a "litigant who prevailed at the district court level [had] to wait until the resolution of the appeal before seeking costs." Lynn, 2000 WL 1229752, at *2 (citing Hoots v. Sara Lee Corp., No. 1:98CV00025, 2000 U.S. Dist. LEXIS 20336 (M.D.N.C. Mar. 20, 2000)). Local Rule 54.1 specifically provides for a 30-day timeline beginning either after the expiration of time for an appeal or after the action on appeal has been terminated. See LR 54.1. Hoots v. Sara Lee Corp., 1:98CV00025, 2000 U.S. Dist. LEXIS 20336 (M.D.N.C. Mar. 20, 2000), explicitly emphasizes the significance of the start-date alternatives to this rule's interpretation and its ultimate holding. 2000 U.S. Dist. LEXIS 20336, at *2 ("Why include the second alternative if the first can be used even in appealed cases?"). Local Rule 54.2, in contrast, does not provide

start-date alternatives. Further, Defendants argue that the rationale behind this reading of Local Rule 54.1 — that "[n]either party has fully prevailed," id. — also supports Local Rule 54.2 having an implied start date of when final judgment is rendered as to the appeal, if any. (See Def. Ashley's Reply (Doc. 248) at 5-6; cf. Def. LIA's Reply (Doc. 249) at 7-8.) In that way, the court would wait until a party had fully prevailed — either at the district court or, if appealed, at the circuit court — before beginning the attorneys' fees analysis.

Mercer v. Duke University, 401 F.3d 199 (4th Cir. 2005), considered the timeliness of a fee petition under Local Rule 54.2. Id. at 212 n.7. The Fourth Circuit affirmed the district court's refusal to strike a fee petition filed more than sixty days after the appellate court's opinion but fewer than sixty days after the appellate court's mandate. Id.[4] In support, the Fourth Circuit cited United States Fidelity and Guaranty Co. v. Lawrenson, 334 F.2d 464 (4th Cir. 1964), determining that the district court is the "best judge of its own rules," Mercer, 401

---

[4] As noted by the Fourth Circuit, the advisory committee notes to Rule 41 of the Federal Rule of Appellate Procedure provide that "[a] court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." Fed. R. App. P. 41, advisory committee's notes to 1988 Amendments; see Mercer, 401 F.3d at 212 n.7.

F.3d at 212 n.7 (citing Lawrenson, 334 F.2d at 467), and Hicks v. Southern Maryland Health Systems Agency, 805 F.2d 1165 (4th Cir. 1986), supporting the potential that the filing date could begin at issuance of the appellate court mandate. See Mercer, 401 F.3d at 212 n.7 (citing Hicks, 805 F.2d at 1167).

The advisory committee note to Rule 54 of the Federal Rules of Civil Procedure furnishes further support, providing that, after a case is appealed, a district court "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54 advisory committee's note (1993 amendments); see Madey, 2002 WL 1284303, at *3 ("Taken at face value, the note plainly states that the Court may, after an appeal is taken, defer its decision as to fees, or rule on the issue of fees notwithstanding the pending appeal.").

Here, Defendants filed for attorneys' fees on September 8, 2015, (Docs. 239, 242), within the sixty-day window after the Fourth Circuit issued its mandate on July 10, 2015. (Doc. 234.) Thus, in keeping with prior cases in this district, in keeping with Fed. R. Civ. P. 54, and in coordination with Local Rule 54.1, Defendants' motions are timely under Local Rule 54.2.

-8-

Case 1:10-cv-00157-WO-LPA Document 250 Filed 12/08/15 Page 8 of 15

**III. CONSULTATION REQUIREMENT UNDER LOCAL RULE 54.2**

Local Rule 54.2 provides that this court:

> will not consider a motion to award statutory attorney's fees until moving counsel shall first advise the Court in writing that after consultation the parties are unable to reach an agreement in regard to the fee award. The statement of consultation shall set forth the date of consultation, the names of the participating attorneys, and the specific results achieved.

LR 54.2. Failure to engage in consultation can render a request for attorneys' fees defective. Cf. Cincinnati Ins. Co. v. Dynamic Dev. Grp., LLC, 336 F. Supp. 2d 552, 573 (M.D.N.C. 2004); Basnight v. Diamond Developers, Inc., 178 F. Supp. 2d 589, 594 (M.D.N.C. 2001).

Because this court is not satisfied that the consultation required under Local Rule 54.2 took place in this case, this court will hold the motions for attorneys' fees in abeyance. Further, this court will direct that the parties consult in person and as required by the Local Rules before proceeding further with the attorneys' fees motions.

Simply believing that consultation will be futile does not excuse a party from this procedural requirement under Local Rule 54.2. Basnight, 178 F. Supp. at 594 (finding it to be procedural failure to not engage in "the required consultation" under Local Rule 54.2, even though defendant "claim[ed] that the

-9-

consultation was disregarded because, after a series of discussions he engaged in with Plaintiff and her counsel, he did not feel further consultation was warranted"). The parties may also have different allegations of the facts surrounding consultation. Lynn v. West considered disagreement about whether the parties failed to consult before filing or whether the consultation "was rebuffed" to be "a factual dispute" requiring a hearing. 2000 WL 1229752, at *3-4; cf. Madey, 2002 WL 1284303, at *5 n.6 (discussing the factual dispute over whether defendant did not consult at all or if "Defendant made a reasonable effort to consult . . . and was rebuffed," but deciding on other grounds since defendant failed to establish the standard for attorneys' fees).

    Defendants argue that DRI "never responded" to their "request[s] for consultation" and thus they could not "compel an unresponsive DRI to meet-and-confer." (Def. Ashley's Reply (Doc. 248) at 9; see also Def. LIA's Reply (Doc. 249) at 9-10.) Thus, Defendants assert that, because they "made a substantial and good faith effort to comply with the consultation requirement of LR 54.2, DRI cannot use its own refusal to comply with the rule as a basis to deny [their] motion[s]." (Def. LIA's Reply (Doc. 249) at 10.) More importantly, both LIA and Ashley filed

-10-

statements of consultation pursuant to Local Rule 54.2, stating that attempts were made to contact and consult with DRI, which did not reply. (See Docs. 241, 244.) DRI argues that Defendants merely "sent demand letters" and "made no genuine effort." (Pl.'s Combined Resp. (Doc. 246) at 10.) DRI emphasizes that Defendants "fail[ed] to initiate any actual consultation" under Local Rule 54.2, and specifically "no effort [other than the "demand letters"] was otherwise made by Ashley's or LIA's counsel to initiate or schedule a consultation, and no telephone message attempting to schedule or initiate a consultation was ever left for DRI's counsel." (Id. at 10-11.)

LIA's August 5, 2015 letter contains language describing it as "LIA's initial effort to meet the consultation requirement" and then states, "[p]lease advise when you are available for a telephone conference to discuss. We would like to have the consultation by August 12, 2015." (Decl. of John R. Neeleman in Resp. to Defs.' Mots. for Att'ys' Fees, Ex. B (Doc. 247-2) at 3.) Similarly, Ashley's July 24, 2015 letter contains language describing it as "constitut[ing] our initial effort to meet-and-confer" and stating "please advise when you are available for a telephone conference to discuss. We would like to have the consultation no later than August 7, 2015." (Id., Ex. A (Doc.

-11-

247-1) at 3.) LIA asserts in its Reply that it "made multiple requests for [] DRI [to] engage in the consultation required by LR 54.2: first by email on August 5, 2015, and second by letter sent via FedEx on August 7, 2015." (Def. LIA's Reply (Doc. 249) at 8; see also Def. LIA's Br. in Supp. of Mot. for Att'y's Fees ("LIA's Br.") (Doc. 240) at 16-17.) In its statement of consultation filed with this court, LIA asserts that it "informed DRI that it would be seeking its attorney's fees in this action by letter sent via email and overnight delivery on August 5, 2015." (Doc. 241 at 1 (emphasis added).) The hardcopy letter was received on August 7, 2015. (Id.) Thus, LIA's declaration that it made multiple attempts to engage in consultation on separate dates is an oversimplification of the factual record, which instead shows that the same letter was sent electronically and in hard copy and this was the full extent of LIA's efforts. (See Decl. of Cameron R. Argetsinger (Doc. 240-1) ¶ 14 and Exs. 6-8 (declaring "letter dated August 5, 2015 sent . . . via overnight delivery on August 6, 2015"); see also LIA's Br. (Doc. 240) at 16 ("LIA informed DRI that it would be seeking its attorney's fees in this action by letter sent via email and overnight delivery on August 5, 2015.").) Ashley's statement of consultation does not assert any further

-12-

efforts to contact DRI beyond its July 24, 2015 letter. (Doc. 244 at 1-2 (asserting "[t]o date, DRI has not responded to Ashley's emailed or mailed requests"); see also Doc. 241 at 1; Def. Ashley's Reply (Doc. 248) at 8.)

The cases describing factual situations that potentially fail to satisfy Local Rule 54.2's consultation requirement use the same verb: rebuffed. See Madey, 2002 WL 1284303, at *5 n.6; Lynn, 2000 WL 1229752, at *4. The Oxford English Dictionary defines the verb "rebuff" as "[t]o reject (a person or thing) in an abrupt and ungracious manner." Oxford English Dictionary Online, http://www.oed.com/view/Entry/159277?rskey=iI01U9&result=2#eid (last visited Dec. 7, 2015). This definition shows rebuff to be an active verb, encompassing a negative act or deed, rather than passive behavior. In contrast to the active rejection depicted by "rebuff" in prior cases, see Madey, 2002 WL 1284303, at *5 n.6; Lynn, 2000 WL 1229752, at *4, Defendants here, at best, recount mere passivity by Plaintiff. While losing parties cannot simply refuse to respond to consultation attempts in an effort to render futile attempts to comply with Local Rule 54.2, neither can prevailing parties make a one-time communication, receive no response, and simply abandon any future consultation attempts. Both parties should comply with

the letter and the spirit of Local Rule 54.2, rather than exchanging pro forma notices.[5]

**IV. CONCLUSION**

For these reasons, **IT IS HEREBY ORDERED** that this court holds in abeyance Defendants' motions for attorneys' fees, (Docs. 239, 242), and **ORDERS** that all parties engage in consultation regarding attorneys' fees, as required by Local Rule 54.2, within forty-five days of this Order. If the parties believe a mediator would be appropriate, this court will consider the appointment of a mediator. Finally, this court interprets "consult" to require a good-faith effort and not simply an exchange of emails, demands or refusals. If the consultation does not resolve this matter, the parties shall file <u>one</u> joint status report stating that a consultation was held and despite the good-faith effort of the parties and counsel, no resolution was reached.

---

[5] This court recognizes that sixty days can be a relatively short time frame at the conclusion of a case. Furthermore, what constitutes a reasonable effort at consultation can be subjective. Within that framework, and because this court believes a consultation would be a better use of counsel's time than an evidentiary hearing, this court is directing that the parties meet and try to resolve this matter.

This the 8th day of December, 2015.

_____
                    United States District Judge